UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:04-CR-269 |
| | § | |
| SERGIO ELIUD GARZA | § | |

## ORDER

Pending before the Court is Sergio Eliud Garza's motion seeking jail credit pursuant to 18 U.S.C. § 3585(b). D.E. 52. For the reasons stated herein, the Court denies the motion without prejudice for lack of jurisdiction.

Garza was indicted in June 2004 for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). D.E. 1. A Writ of Habeas Corpus Prosecuendum was issued for his presence in federal court. D.E. 5. The writ was later amended and executed for Garza's appearance on July 12, 2004. D.E. 47. Garza made his initial appearance in federal court on July 12, 2004. D.E. 8. He was appointed counsel and subsequently pled guilty to a two count superseding indictment without a plea agreement. D.E. 26. Garza was sentenced on December 15, 2004, to 180 months in the Bureau of Prisons, to be followed by 3 years supervised release, a $50 fine and a $100 special assessment were also imposed for count one of the superseding indictment. D.E. 36, 37. The government dismissed the second count of the superseding indictment. D.E. 36, 37. The Fifth Circuit affirmed Garza's sentence. D.E. 49.

Garza's current motion claims that he has not received credit for his time in federal custody, which he alleges dates from June 22, 2004. He claims he was removed from state custody and transferred to the Bee County jail, before he was moved to the Nueces County jail where he remained until April 6, 2005, when he was returned to state custody. D.E. 52 at pp. 1-2.

Because Garza seeks credit for jail time, the proper vehicle for raising such a challenge is a petition pursuant to 28 U.S.C. § 2241. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (a § 2241 writ is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration") (citations omitted); United States v. Gabor, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990); United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir. 1998) (holding that claims for sentence credit to federal sentences are properly brought pursuant to § 2241).

A petition to challenge the BOP's calculation of sentencing credit pursuant to 28 U.S.C. § 2241 must be filed in the district where Garza is incarcerated. See Pack, 218 F.3d at 451. The return address on Garza's motion reflects that he is incarcerated in Waymart, Pennsylvania, which is located in the Middle District of Pennsylvania. See 28 U.S.C. § 118(b). Thus, assuming Garza remains incarcerated in Waymart, Pennsylvania, he should file any § 2241 petition in that court, after first exhausting his administrative remedies.[1] Garza's motion is denied without prejudice to the filing of a petition for relief pursuant to § 2241.

---

[1] The law requires that a defendant exhaust available administrative remedies through the Bureau of Prisons before litigating in federal court the matter of computation of sentence. United States v. Wilson, 503 U.S. 329, 335 (1992).

## CONCLUSION

For the foregoing reasons, Garza's motion seeking jail credit (D.E. 52) is DENIED WITHOUT PREJUDICE. The Clerk is instructed to send Garza forms to file a petition pursuant to 28 U.S.C. § 2241.

SIGNED and ORDERED this 5th day of September, 2013.

*Janis Graham Jack*
Janis Graham Jack
Senior United States District Judge