UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:04-CR-269 |
| | § | |
| SERGIO ELIUD GARZA | § | |

### ORDER

Sergio Eliud Garza (Garza) filed a motion to alter or amend this Court's Order dated October 9, 2014. D.E. 76. His motion seeks relief pursuant to Rule 59(e). For the stated reasons, the motion is dismissed as second or successive.

### PROCEDURAL AND FACTUAL BACKGROUND

Garza pled guilty to felon in possession of a firearm in 2004 and was sentenced to 180 months imprisonment after he was determined to be an armed career criminal. D.E. 37. Garza's sentence enhancement was based upon his previous convictions for two Texas burglaries and a robbery. D.E. 31, ¶¶ 21, 27, 28, 31. Garza was convicted in 1996 of Burglary of a Building, in 1997 convicted of Burglary of a Habitation, and in 2000 he was convicted of Robbery, all in Hidalgo County, Texas. *Id*.

Garza challenged the application of the enhancement on appeal, but the Fifth Circuit affirmed. *United States v. Garza*, No. 04-41755 (5th Cir. Oct. 26, 2005) (per curiam). Garza's conviction became final on May 15, 2006, when the Supreme Court denied his petition for writ of certiorari. Garza filed a motion to vacate set-aside or correct sentence pursuant to 28 U.S.C. § 2255 that was received by the Clerk on November 12, 2013, more than 6 years after the one-year limitation to file a motion to vacate. D.E. 56. This Court dismissed the motion as untimely. D.E. 58. Garza filed a motion for reconsideration pursuant to Rule 59(e) and filed a notice of appeal.

D.E. 60, 61. This Court dismissed Garza's initial Rule 59(e) motion as second or successive. D.E. 64.

In July 2014, the Fifth Circuit remanded Garza's claim that *United States v. Descamps*, 133 S.Ct. 2276 (2013), was retroactively applicable for additional briefing. This Court ordered Garza and the government to brief the issue. D.E. 69, 71. The Court granted Garza two motions for extension of time to respond and he filed his Reply on September 29, 2014. D.E. 75. The Court issued the Order that Garza now challenges on October 9, 2014. While the case was on remand, the Fifth Circuit dismissed Garza's appeal for want of prosecution. *United States v. Garza*, No. 13-42371 (5th Cir. September 10, 2014).

## MOVANT'S CLAIM

Garza now argues that this Court committed manifest errors of law and fact and that his motion to vacate was filed under the expanded limitation period in § 2255(f)(3).[1] Garza alleges that *United States v. Descamps*, 133 S.Ct. 2276 (2013), applies retroactively and allowed him to bring his § 2255 within a year of its decision. Garza requests that this Court take judicial notice of his previous reply to the government's motion for summary judgment and case law that he claims supports his position, many of which cases he has previously cited to the Court.

---

[1] The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final; . . .
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . .

28 U.S.C. § 2255(f).

## ANALYSIS

**A.     Rule 59(e)**

As an initial matter, this Court must determine whether Garza's present motion is timely. A Rule 59(e) motion is required to be filed within 28 days from the entry of the judgment it challenges. Fed. R. Civ. P. 59(e). The judgment at issue here, D.E. 76, was entered on the docket on October 9, 2014. Garza's motion was due on or before November 7, 2014. Although Garza's motion was not received until November 17, his certificate of service reflects that the motion was mailed on November 3, 2014. Because Garza is incarcerated, he is entitled to the benefit of the mailbox rule and his motion was filed within 28 days. The prison mailbox rule applies to prisoners who are proceeding pro se. *See Brown v. Taylor*, 569 Fed. App'x. 212, 213 (5th Cir. May 23, 2014) (per curiam) (designated unpublished); *Stoot v. Cain*, 570 F.3d 669, 671 (5th Cir. 2009); *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). His motion is timely.

The next issue is whether Garza's Rule 59(e) motion should be construed as second or successive or whether it states a proper request to amend or alter the judgment. The Federal Rules of Civil Procedure apply to federal habeas petitions "only to the extent that [they are] not inconsistent with applicable federal statues and rules." Rule 12, Rules Governing Section 2255 Proceedings for the United States District Courts (2014). To prevail on a Rule 59(e) motion, the movant must show at least one of the following: 1) an intervening change in controlling law; 2) new evidence not previously available; 3) the need to correct a clear or manifest error of law or fact or to prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

In some instances, a defendant bringing a Rule 59(e) motion may run afoul of the prohibition on second or successive motions. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)

(post-judgment motion pursuant to Rule 60(b) may be construed as second or successive § 2254); *Williams v. Thaler*, 602 F.3d 291, 303 & n.10 (5th Cir. 2010) (finding 59(e) claim to be second or successive). It is only when a Rule 60 or 59(e) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," that it does not raise a second or successive claim. *Gonzalez*, 524 U.S. at 532; *United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013) ("where a Rule 60(b) motion advances one or more substantive claims, as opposed to a merely procedural claim, the motion should be construed as a successive § 2255 motion.").

Garza's current motion argues that this Court committed "manifest errors of law and fact" but does not point out any defect in procedure, instead the motion complains of the Court's analysis of the merits of his claim and seeks a more favorable ruling. As a result, the motion is a second or successive § 2255.

**B.      Second or Successive § 2255 Motion**

In pertinent part, 28 U.S.C. § 2255(h) provides:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. *See Tolliver*

*v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Garza's motion does not indicate that he has sought or obtained such permission. Until he does so, this Court does not have jurisdiction over any claim that could have been brought in his first § 2255 motion.

Garza's Rule 59(e) motion (D.E. 77) is dismissed as second or successive. *United States v. Orozco-Ramirez*, 211 F.3d 862, 869 (5th Cir. 2000) (district court properly dismissed second or successive claim).

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). An appeal from the denial of a Rule 59(e) or Rule 60 motion requires a certificate of appealability in all but very narrow circumstances. *Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007) ("We therefore hold . . .that a COA is not required to appeal the denial of a Rule 60(b) motion . . .only when the purpose of the motion is to reinstate appellate jurisdiction over the original denial of habeas relief."); *Williams v. Quarterman*, 293 Fed. App'x. 298 at *16 (5th Cir., Sept. 19, 2008) (per curiam) (designated unpublished) ("Williams also must obtain a COA to appeal his Rule 59(e) motion."). Although Garza has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c)

requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court finds that Garza cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

## V. CONCLUSION

For the foregoing reasons, Garza's motion (D.E. 77) is DISMISSED as second or successive, additionally, he is DENIED a Certificate of Appealability.

SIGNED and ORDERED this 4th day of February, 2015.

_____
Janis Graham Jack
Senior United States District Judge