Case 2:04-cr-00269 Document 92 Filed in TXSD on 01/14/16 Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
January 14, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 2:04-CR-269 |
| § | (CIVIL ACTION NO. 2:16-CV-10) |
| SERGIO ELIUD GARZA § | |

## ORDER

Sergio Eliud Garza (Garza) filed a motion to vacate, set-aside or correct sentence pursuant to 28 U.S.C. § 2255. Because Garza has filed a previous § 2255 and has not obtained permission of a panel of the Fifth Circuit Court of Appeals to file the present motion, his present motion is dismissed as second or successive.

### PROCEDURAL AND FACTUAL BACKGROUND

Garza pled guilty to felon in possession of a firearm in 2004 and was sentenced to 180 months imprisonment after he was determined to be an armed career criminal. D.E. 37. Garza's sentence enhancement was based upon his previous convictions for two Texas burglaries and a robbery. D.E. 31, ¶¶ 21, 27, 28, 31. Garza was convicted in 1996 of Burglary of a Building, in 1997 convicted of Burglary of a Habitation, and in 2000 he was convicted of Robbery, all in Hidalgo County, Texas. *Id*.

Garza challenged the application of the enhancement on appeal, but the Fifth Circuit affirmed. *United States v. Garza*, No. 04-41755 (5th Cir. Oct. 26, 2005) (per curiam). Garza's conviction became final on May 15, 2006, when the Supreme Court denied his petition for writ of certiorari.

Garza filed a motion to vacate set-aside or correct sentence pursuant to 28 U.S.C. § 2255 that was received by the Clerk on November 12, 2013, more than 6 years after the one-year

limitation to file a motion to vacate. D.E. 56. This Court dismissed the motion as untimely. D.E. 58. Garza filed a motion for reconsideration pursuant to Rule 59(e) and filed a notice of appeal. D.E. 60, 61. This Court dismissed Garza's initial Rule 59(e) motion as second or successive. D.E. 64. He appealed to the Fifth Circuit which remanded to this Court for additional briefing on Garza's claims pursuant to *United States v. Descamps*, 133 S.Ct. 2276 (2013). D.E. 68. After further briefing, this Court denied Garza's motion. D.E. 76. Garza filed a motion to alter or amend judgment in November 2014. D.E. 77. This Court dismissed the motion as second or successive. D.E. 79. Garza appealed, but his appeal was dismissed for want of prosecution in June 2015. D.E. 89.

## MOVANT'S CLAIM

Garza 's present motion again contends that the burglaries used to enhance his sentence as an armed career criminal with a 15 year minimum sentence did not qualify as crimes of violence.

## ANALYSIS

In pertinent part, 28 U.S.C. § 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Garza's motion does not indicate that he has sought or obtained such permission. Until he does so, this Court does not have jurisdiction over any claim that could have been brought in his first § 2255 motion. Garza's present arguments are based upon facts used at sentencing and he has urged these claims before.

Garza's motion (D.E. 90) is dismissed as second or successive. *See United States v. Orozco-Ramirez*, 211 F.3d 862, 869 (5th Cir. 2000) (district court properly dismissed second or successive claim).

## IV. SANCTIONS WARNING

Despite multiple admonishments by this Court regarding the proper procedures to seek to file a second or successive motion to vacate, set aside or correct sentence, Garza has yet failed to follow the proper procedures. Federal courts have inherent authority "to protect the efficient and orderly administration of justice and ... to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993), Included in such power is the authority to levy sanctions in response to abusive litigation practices. *Id*. Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims. *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195–97 (5th Cir. 1993). Appropriate sanctions may include restrictions on the ability to file future lawsuits without leave of court and

monetary sanctions. *United States v. Perkins*, 424 Fed. App'x. 328, 329 (5th Cir. May 4, 2011) (per curiam) (designated unpublished).[1]

**Garza is hereby warned that further efforts to challenge his conviction that do not comply with the requirements for filing a second or successive § 2255 motion will be sanctioned.**

### V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Garza has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c)

---

[1] This court warned Perkins that further attempts to challenge his conviction that did not meet the criteria for filing a successive § 2255 motion would be sanctioned. *Perkins v. United States*, No. 99–41421, 2000 WL 959916 June 13, 2000). Although Perkins filed this challenge nominally under § 1651(a) and not as a request to file a successive § 2255 motion, in his COA motion, he makes an argument trying to show that he meets the criteria to file a successive § 2255 motion. Also, in its order denying Perkins relief in this case, the district court noted that Perkins had filed at least three successive § 2255 motions and multiple other post-conviction motions and warned him that frivolous filings might result in the imposition of sanctions, including monetary sanctions.
IT IS ORDERED that Perkins is SANCTIONED in the amount of $455, payable to the clerk of this court. Until that sanction is paid, Perkins may file no more appeals or initial pleadings challenging the validity of his conviction and sentence, whether those challenges are governed by § 2241, § 2255, § 1651(a), or any other statutory provision, in this court or in any court under this court's jurisdiction, without first obtaining the permission of this court or the forum court.

*Id*.

requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court finds that Garza cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

## VI.  CONCLUSION

For the foregoing reasons, Garza's motion (D.E. 90) is DISMISSED as second or successive pursuant to Rule 4(b), additionally, he is DENIED a Certificate of Appealability.

**Garza is further advised that sanctions may apply to any further filing that does not comply with the § 2255 Rules**. This is the third time that Garza's motions have been dismissed as second or successive. No further such motions are permitted *unless* Garza complies with the requirement that he obtain a certificate from the Fifth Circuit *before* filing. Garza is subject to sanctions should he continue to ignore the rules applicable to such filings.

SIGNED and ORDERED this 14th day of January, 2016.

_____
Janis Graham Jack
Senior United States District Judge