Case 2:04-cr-00269 Document 100 Filed in TXSD on 01/23/17 Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
January 23, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 2:04-CR-269 |
| § | (CIVIL ACTION NO. 2:16-CV-10) |
| SERGIO ELIUD GARZA § | |

### MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255, AND GRANTING A CERTIFICATE OF APPEALABILITY

Sergio Eliud Garza (Garza) filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 97. The government filed a motion for summary judgment. D.E. 98. The Court denies Garza's § 2255 motion because his claims do not entitle him to relief but grants him a Certificate of Appealability.

### I.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

### II.  BACKGROUND

Garza was sentenced to 180 months in the Bureau of Prisons in 2004. He pleaded guilty to felon in possession of a firearm. The Court determined that he was an armed career criminal subject to the statutory minimum sentence of 180 months. D.E. 37. Garza appealed. On appeal, Garza challenged this Court's finding that his Texas conviction for Burglary of a Habitation was a qualifying violent felony for purposes of 18 U.S.C. § 924(e). The Fifth Circuit affirmed Garza's sentence on October 26, 2005. D.E. 49. He filed a petition for writ of certiorari that was denied on May 15, 2006.

Since then, Garza has filed numerous post-conviction motions challenging his sentence, some of which are still pending and will be resolved by separate order. His present motion is second or successive, but the Fifth Circuit granted him permission to file it. D.E. 94.

### III.  MOVANT'S ALLEGATIONS

Garza argues that *Johnson v. United States*, 135 S.Ct. 2551 (2015), precludes the use of his Texas burglaries as predicate offenses for purposes of the Armed Career Criminal Act.

### IV.  ANALYSIS

**A.    28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).

**B.    *Johnson* Claim**

Garza argues that his burglary convictions no longer qualify as predicate offenses under the ACCA after *Johnson*. *Johnson* held that the residual clause of the definition of violent felony in 18 U.S.C. § 924(e)(1)(ii) was unconstitutionally vague. The Act defines "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year ... that—

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.
>
> § 924(e)(2)(B). The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

*Johnson*, 135 S.Ct. at 2555-56 (emphasis in *Johnson*).

Burglary is one of the enumerated crimes in § 924(e)(ii) and is not affected by the *Johnson* decision, "[t]oday's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Johnson*, 135 S.Ct. at 2563.

At the time of sentencing, defense counsel argued that Garza's 1997 burglary did not qualify as a predicate offense. This Court and the Fifth Circuit found that it did. *United States v. Garza*, No. 04-41755 (5th Cir. Oct. 26, 2005) (per curiam) (unpublished). Garza's indictment for that offense tracks the language of § 30.02(a)(1) of the Texas Penal Code. Garza was charged with "intentionally and knowingly enter[ing] a habitation, without the effective consent of [the owner], with intent to commit theft." D.E. 35, p. 6. Recently, the Fifth Circuit confirmed that burglary pursuant to § 30.02(a)(1) qualifies as generic burglary for purposes of enhancements. *See United States v. Uribe,* 838 F.3d 667, 669 (5th Cir. 2016) ("Because the predicate statute is elements-based, it is divisible and the modified categorical approach applies to determine which of the provisions of § 30.02(a) was the basis of [defendant's] conviction."); *United States v. Bryant*, --- Fed. App'x. ---, 2016 WL 5795772 at *1 (Oct. 4, 2016) (per curiam) (designated unpublished) (enhancement based upon prior Texas burglary pursuant to § 30.02(a) proper as a crime of violence).

Although Garza generally challenged both of his burglary convictions in the motion he filed with the Fifth Circuit, he does not specify his challenge to his 1996 burglary of a building other than his blanket statement that it does not qualify as a generic burglary. The information before the Court is that Garza was arrested inside a closed convenience store and was in possession of stolen property. In addition, the cash register and other items had been damaged. D.E. 31, ¶ 27. The *Shepard* approved documents appear to have been available to counsel at the time of sentencing, although they are not presently part of the record in this twelve year old case. *See* D.E. 43, p. 13.[1] The government described this conviction as generic burglary in its response to Garza's motion and Garza did not object. *See United States v. Fambro,* 526 F.3d 836 (5th Cir. 2008). But even if this conviction does not qualify, Garza was also convicted of robbery.

Garza next challenges the use of his robbery conviction as a predicate offense. The indictment for his robbery conviction charged Garza in part with "intentionally and knowingly threaten[ed] and place[d] [victim] in fear of imminent bodily injury and death, and the defendant did then and there use and exhibit a deadly weapon, to-wit: a machete." D.E. 35, p. 7. In *United States v. Davis*, 487 F.3d 282, (5th Cir. 2007), the court considered whether Texas robbery qualified as a violent felony under the ACCA. It found the elements to be: " (1) a person, (2) in the course of committing theft, (3) with the intent to obtain or maintain control of property, (4) intentionally, knowingly, or recklessly causes bodily injury to another, or (5) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." Tex. Pen. Code Ann. § 29.02. Although the *Davis* court held that robbery qualified under the now-void residual clause, it noted that Texas courts focus on the assaultive conduct, "The defining feature of robbery under the Texas statute is the actual or threatened assaultive conduct. *See Purser v.*

---

[1] "Mr. Jenkins: "Well, I'm not—I mean I know what he's been convicted of, I have his records." *Id*.

*State*, 902 S.W.2d 641, 647 (Tex. App.--El Paso 1995, pet. ref'd) (stating "[t]he gravamen of robbery is the assaultive conduct, and not the theft.")." *Davis*, 487 F.3d at 286. The Fifth Circuit has not decided whether Texas robbery qualifies as a predicate offense using the force clause of the ACCA.

Another district court found that robbery pursuant to § 29.02(a)(2) constitutes a violent felony for ACCA purposes. *United States v. Roman*, 2016 WL 7388388 at *3 (S.D. Tex. Dec. 20, 2016) ("The court concludes that the plain language of the 'threat' element of the Texas robbery statute establishes that Roman's robbery conviction was a 'violent felony' for purposes of the ACCA."); *but see United States v. Fennell*, 2016 WL 4491728 at *5-6 (N.D. Tex. Aug. 25, 2016) (finding that § 29.02(a)(1) does not constitute a violent felony under the ACCA.[2] In *United States v. Brown*, 437 F.3d 450, 452 (5th Cir. 2006), the court held that simple robbery[3] in Louisiana, which has elements similar to Texas robbery, qualified as a violent felony under the "use of force" clause of the ACCA. After considering the considering Garza's robbery Indictment using the modified categorical approach, the Court finds Garza's robbery conviction qualifies as a predicate offense under the "use of force" clause in 924(e)(i).

---

[2] "Thus, the court concludes that a 'bodily injury' robbery under § 29.02 of the Texas Penal Code cannot qualify as a 'violent felony' under § 924(e)(2)(B)(i) for the same or similar reasons that the Texas offense of assault does not qualify as a "violent felony." *Fennell*, 2016 WL 4491728 at *6.

[3] "Simple robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon." La. Rev. Stat. § 14:65 (1996)." *Id*.

## V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Garza has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

Based on the above standards, the Court concludes that Garza is entitled to a COA on the sole issue of whether Texas robbery pursuant to § 29.02(a)(2) constitutes a violent felony for purposes of the ACCA.

## VI. CONCLUSION

Garza's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 97; Cause No. 2:16-CV-10 D.E. 1) is DENIED but he is GRANTED a Certificate of Appealability on the single issue of whether a conviction pursuant to § 29.02(a)(2) requires the use of or threatened use of force as set out in 18 U.S.C. § 924(e)(2)(B)(i). The government's motion for summary judgment (D.E. 98) is GRANTED.

SIGNED and ORDERED this 23rd day of January, 2017.

                                                   Janis Graham Jack
                                     Senior United States District Judge